# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| WILLIE WILLIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:18-CV-00250 CAS |
| CAPE GIRARDEAU COUNTY JAIL, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Willie Willis's motion for leave to proceed in forma pauperis. (Docket No. 5). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $2.83. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will direct the Clerk of Court to issue process on defendants Charlotte Unknown, Unknown Stevens, and Susan Unknown in their individual capacities.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of the Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of the instant motion, plaintiff submitted an affidavit and a certified inmate account statement. (Docket No. 2). The certified inmate account statement showed an average monthly deposit of $14.13. The Court will therefore assess an initial partial filing fee of $2.83, which is 20 percent of plaintiff's average monthly deposit. If plaintiff is unable to pay the initial partial filing fee, he must file an updated inmate account statement with the Court.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is currently an inmate at the Eastern Reception, Diagnostic & Correctional Center in Bonne Terre, Missouri. At all times relevant to this complaint, however, he was a pretrial detainee incarcerated in the Cape Girardeau County Jail in Jackson, Missouri. (Docket No. 4 at 2).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. The amended complaint is handwritten on a Court-provided form. Plaintiff has also filed a supplement to his amended complaint, which will be treated as part of the pleading.[1] (Docket No. 6). When liberally construed, his complaint asserts claims against three defendants: Head Nurse Charlotte

---

[1] *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

Unknown; Assistant Nurse Unknown Stevens; and Assistant Nurse Susan Unknown. (Docket No. 4 at 2-3). All three defendants are sued in their individual capacities.[2]

Plaintiff states that on September 30, 2018, he broke his arm. (Docket No. 4 at 4). On October 12, 2018, he underwent surgery, and a rod was placed in his injured arm. He states that his physician, Dr. Edwards, prescribed him medication for the pain. (Docket No. 6 at 2). However, he alleges that when he arrived at the Cape Girardeau County Jail, the nurses refused to give him his medication. (Docket No. 4 at 4). Specifically, he alleges that Head Nurse Charlotte Unknown, and Assistant Nurses Unknown Stevens and Susan Unknown, did not want to give him the medication prescribed by his doctor. Plaintiff claims that he suffered constant pain that kept him from sleeping.

Plaintiff alleges that his inability to get his pain medication was an ongoing issue. He states that he requested the medication on numerous occasions, but defendants refused. (Docket No. 6 at 3). He states that he was only offered Tylenol, though he mentions this had to be ordered from the commissary. Plaintiff asserts that he went back to his doctor for a follow-up appointment. (Docket No. 6 at 1). At this appointment, his arm was x-rayed and the doctor wrote another prescription for pain medication. Again, however, he claims that defendants refused to have it filled.

---

[2] In the case caption of the amended complaint, plaintiff states only that he is suing the Cape Girardeau County Jail. (Docket No. 4 at 1). *See* Rule 10(a), Fed.R.Civ.P. ("The title of the complaint must name all the parties[.]"). However, when he is asked to list the defendants in the form complaint, he specifically names only Head Nurse Charlotte Unknown; Assistant Nurse Unknown Stevens; and Assistant Nurse Susan Unknown. Furthermore, in his "Statement of Claim," his factual allegations are directed against these three individual defendants, and not the jail itself. To the extent that plaintiff is attempting to name Cape Girardeau County Jail as a defendant, such a claim must fail. The Cape Girardeau County Jail is a county jail, and "county jails are not legal entities amenable to suit." *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). *See also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities). The Court will therefore dismiss plaintiff's claims against the jail.

Plaintiff alleges that the denial of his prescription medication amounted to cruel and unusual punishment. (Docket No. 4 at 5). He is seeking the "maximum" amount of damages for his pain and suffering.

## Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his medical needs. Having thoroughly reviewed and liberally construed plaintiff's amended complaint, and for the reasons discussed below, the Court will direct the Clerk of Court to issue process on defendants Charlotte Unknown, Unknown Stevens, and Susan Unknown in their individual capacities.

At all relevant times, plaintiff was a pretrial detainee, so his constitutional claims arise pursuant to the Fourteenth Amendment, rather than the Eighth Amendment. *See Morris v. Zefferi*, 601 F.3d 805, 809 (8th Cir. 2010). However, the Fourteenth Amendment provides at least as much protection to pretrial detainees as the Eighth Amendment does to convicted prisoners. *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). Accordingly, a pretrial detainee's medical claims are analyzed under the Eighth Amendment's deliberate indifference standard. *See Grayson v. Ross*, 454 F.3d 802, 808 (8th Cir. 2006).

Under the Eighth Amendment, the government has an obligation to provide medical care to those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, an inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997).

Proving deliberate indifference requires a showing that a "medical provider knew of and disregarded a serious medical need." *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 795 (8th Cir.

2006). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). A showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

Plaintiff's allegations of deliberate indifference against defendants Charlotte Unknown, Unknown Stevens, and Susan Unknown, are sufficient for purposes of § 1915 review. Plaintiff asserts that he had a serious medical need, to wit: that he had surgery to place a rod in his arm, after the arm was broken. This condition was diagnosed by a physician, and as a result, he was prescribed pain medications. These medications were prescribed to plaintiff on at least two occasions. The rod in plaintiff's arm caused him a great deal of pain, which he states he suffered constantly. The pain was so bad that he could not sleep. He brought this to the attention of Head Nurse Charlotte Unknown, as well as Assistant Nurses Unknown Stevens, and Susan Unknown, and requested that he be given his prescribed medication. However, defendants refused to dispense his medication, thereby allegedly interfering with a physician-prescribed course of treatment. These facts must be accepted as true, and all reasonable inferences taken in plaintiff's favor. *See Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018). As such, the Clerk of Court will be directed to issue process on defendants Charlotte Unknown, Unknown Stevens, and Susan Unknown in their individual capacities.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee $2.83 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon defendants Charlotte Unknown, Unknown Stevens, and Susan Unknown in their individual capacities as to plaintiff's claims of deliberate indifference to his medical needs.

**IT IS FURTHER ORDERED** that plaintiff's claims against Cape Girardeau County Jail are **DISMISSED** as legally frivolous as it is not a suable entity. 28 U.S.C. § 1915(e)(2)(B).

An order of partial dismissal will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>1st</u> day of March, 2019.