UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| WILLIE WILLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00250-CAS |
| | ) | |
| CAPE GIRARDEAU COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Willie Willis's response to the Court's order to provide adequate service information for defendants Charolette Unknown, Unknown Stevens, and Susan Unknown. (Docket No. 18). For the reasons discussed below, the Clerk of Court will be directed to substitute defendant Stephanie Cox for Unknown Stevens, and to issue process on Stephanie Cox in her individual capacity as to plaintiff's claim of deliberate indifference to his medical needs.

### Discussion

On March 1, 2019, the Court directed the Clerk of Court to issue process on defendants Charolette Unknown,[1] Unknown Stevens, and Susan Unknown. (Docket No. 9). Defendants were to be served in their individual capacities as to plaintiff's claims of deliberate indifference to his medical needs. Plaintiff alleged that all three defendants were nurses who worked at the Cape Girardeau County Jail. As such, service on defendants was attempted at the jail on March 25, 2019. However, the summonses were returned unexecuted. The returns indicated that no known persons with the names provided by plaintiff work at the jail.

---

[1] This is the spelling utilized by plaintiff in his complaint. However, in various other filings, he refers to this defendant as Charlotte.

On April 5, 2019, the Court directed plaintiff to provide adequate information regarding defendants Charolette Unknown, Unknown Stevens, and Susan Unknown. (Docket No. 15). Plaintiff was given thirty days in which to provide identifying information such that defendants could be properly served.

Plaintiff responded on April 25, 2019, by sending a letter addressed to the Clerk of Court. (Docket No. 16). In the letter, plaintiff requested that the Clerk of Court call the acting sheriff or the jail administrator and "tell them [what] this is all about" in order to get defendants' last names. He stated that he has called the Sheriff's Office himself and received no answer and that he has no one on the outside to help.

The Court construed the letter as a motion, which it denied. The Court noted that it was plaintiff's responsibility to provide the information necessary for service on defendants. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993). *See also Beyer v. Pulaski Cty. Jail*, 589 Fed. Appx. 798, 799 (8th Cir. 2014) (stating that "a plaintiff bears the burden of providing proper service information"). Plaintiff was given an additional thirty days to provide adequate identifying information so that defendants could be properly served.

Plaintiff filed the instant response on May 15, 2019. (Docket No. 18). In the response, he states that the name of Nurse Unknown Stevens is actually Stephanie Cox. He alleges that Nurse Cox is the "younger nurse" that took him off his pain medications while at the Cape Girardeau County Jail. Plaintiff also states that Nurse Cox and Susan Unknown are assistants, while Nurse Charolette Unknown is the head nurse.

Plaintiff has provided sufficient information for one of the defendants to be served. As such, the Court will direct the Clerk of Court to substitute defendant Stephanie Cox for defendant Unknown Stevens, and to remove defendant Unknown Stevens from the docket. Furthermore,

2

the Clerk of Court will be directed to issue process on Stephanie Cox in her individual capacity as to plaintiff's claim of deliberate indifference to his medical needs.

**The Court reminds plaintiff that he must provide adequate information regarding the remaining two defendants, Charolette Unknown and Susan Unknown, no later than <u>June 3, 2019</u>, so that they may be served with process. (Docket No. 17). Plaintiff's failure to timely provide adequate information as to these two remaining defendants will result in the dismissal without prejudice of the claims against those defendants.**

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall substitute defendant Stephanie Cox for defendant Unknown Stevens and remove defendant Unknown Stevens from the docket.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on defendant Stephanie Cox in her individual capacity as to plaintiff's claim of deliberate indifference to his medical needs.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>23rd</u> day of May, 2019.