# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| WILLIE WILLIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:18-CV-250 CAS ) |
| CAPE GIRARDEAU COUNTY JAIL, et al., | ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on a letter sent by plaintiff Willie Willis. (Doc. 21). The Court construes the letter as a motion to amend or correct plaintiff's complaint and to voluntarily dismiss defendant Susan Unknown. For the reasons discussed below, the motion will be granted, and the Clerk of Court will be directed to substitute defendant Charolette Smith for defendant Charolette Unknown, and to issue process on Charolette Smith in her individual capacity as to plaintiff's claim of deliberate indifference to his medical needs. Additionally, the Court will dismiss defendant Susan Unknown from this action.

### Discussion

On March 1, 2019, the Court directed the Clerk of Court to issue process on defendants Charolette Unknown,[1] Unknown Stevens, and Susan Unknown. (Doc. 9). Defendants were to be served in their individual capacities as to plaintiff's claims of deliberate indifference to his medical needs. Plaintiff alleged all three defendants were nurses who worked at the Cape Girardeau County Jail. As such, service on defendants was attempted at the jail on March 25,

---

[1] This is the spelling utilized by plaintiff in his complaint. However, in various other filings, he refers to this defendant as Charlotte.

2019. The summonses were returned unexecuted. The returns indicate that no known persons with the names provided by plaintiff work at the jail.

On April 5, 2019, the Court directed plaintiff to provide adequate information regarding defendants Charolette Unknown, Unknown Stevens, and Susan Unknown. (Doc. 15). Plaintiff was given thirty days to provide identifying information so defendants could be properly served.

Plaintiff responded by sending a letter addressed to the Clerk of Court, filed on April 25, 2019. (Doc. 16). In the letter, plaintiff requested the Clerk of Court to call the acting sheriff or the jail administrator and "tell them [what] this is all about" in order to get defendants' last names. Plaintiff stated that he called the Sheriff's Office himself and received no answer.

The Court construed the letter as a motion, which it denied. The Court instructed plaintiff that it was his responsibility to provide the information necessary for service on defendants. See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993); see also Beyer v. Pulaski Cty. Jail, 589 F. App'x 798, 799 (8th Cir. 2014) (stating "a plaintiff bears the burden of providing proper service information"). Plaintiff was given an additional thirty days to provide adequate identifying information so defendants could be properly served.

Plaintiff filed a second response on May 15, 2019. (Doc. 18). In the response, plaintiff stated that the name of Nurse Unknown Stevens is actually Stephanie Cox, and alleged that Nurse Cox is the "younger nurse" who took him off his pain medications while at Cape Girardeau County Jail. Based on this information, the Court substituted defendant Stephanie Cox for defendant Unknown Stevens and directed the Clerk of Court to issue process on Stephanie Cox in her individual capacity as to plaintiff's claim of deliberate indifference to his medical needs. (Doc. 19).

On June 3, 2019, plaintiff sent a letter to the Court, which is being construed as a motion

to amend or correct his complaint and to voluntarily dismiss defendant Susan Unknown. (Doc. 21). In the letter, plaintiff states:

> I've remember the other nurse name. The head nurse is name Charolette Smith but Nurse Susan wasn't on Sunday the 14th of October 2018 when me and the younger one named Stephanie Cox had our confrontation that's when she called the head nurse. And that's when she took me off of my prescribed medication from Doctor Edwards. So I would like to go to[] Court on these two nurse[s] and dismiss Susan.

Based on the information provided by plaintiff in his most recent filing, the Court will instruct the Clerk of Court to substitute defendant Charolette Smith for defendant Charolette Unknown. The Court will also direct the Clerk of Court to issue process on defendant Charolette Smith in her individual capacity as to plaintiff's claim of deliberate indifference to his medical needs. Finally, the Court will grant plaintiff's request to voluntarily dismiss defendant Susan Unknown.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to amend or correct his complaint and to voluntarily dismiss defendant Susan Unknown is **GRANTED**. [Doc. 21]

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute defendant Charolette Smith for defendant Charolette Unknown.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on defendant Charolette Smith in her individual capacity as to plaintiff's claim of deliberate indifference to his medical needs.

**IT IS FURTHER ORDERED** that plaintiff's claim against defendant Susan Unknown is **DISMISSED** without prejudice. A separate order of partial dismissal will be entered herewith.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 5th day of June, 2019.