UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| WILLIE WILLIS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 1:18 CV 250 RWS |
| CAPE GIRARDEAU COUNTY JAIL, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

On May 4, 2020, the Court ordered plaintiff to show cause why defendant's motion to compel plaintiff to respond to defendant's discovery requests should not be granted. In response, plaintiff filed a motion for appointment of counsel, claiming he could not respond to the Court's Order because the prison's law library is closed due to coronavirus concerns. Plaintiff also claims he already "sent the defendant everything about this case."

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).

When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim.  *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court continues to believe that appointment of counsel is not warranted at this time.  Plaintiff has demonstrated that he can adequately present his claims to the Court, and neither the factual nor the legal issues in this case appear to be unduly complex.  Plaintiff does not need access to the law library to respond to defendant's discovery requests, as they require plaintiff to provide factual information and documents relating to his case, information which is not located in the prison library.  Although plaintiff claims he has already provided defendant with "all the information about this case," he does not dispute that he has failed to provide written responses to defendant's discovery requests.  Plaintiff is not excused from responding to discovery requests just because he believes the defendant "already has the information."  Plaintiff has already been served with an additional copy of these discovery requests, as they were attached as exhibits to defendant's motion to compel, and he needs to respond to them to avoid having his case dismissed.  [51-1, 51-2].

I will grant the motion to compel in its entirety and require plaintiff to provide complete written responses to discovery, without objection, and requested documents.  As I previously granted plaintiff a generous extension of time to respond to these discovery requests, (*See* Doc. 50), **plaintiff must comply with this Memorandum and Order and provide responses to the discovery requests by June 5, 2020 or face dismissal of his case with prejudice.**

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel [53] is denied.

**IT IS FURTHER ORDERED** that defendant's motion to compel [51] is granted, and plaintiff is required to provide written responses, in writing, under oath, and without objection, and all responsive documents to defendant's first interrogatories and request for production of documents to plaintiff by no later than **June 5, 2020**.  **If plaintiff fails to comply with this Memorandum and Order, he will face the possible dismissal of his case with prejudice upon motion by defendant.**

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 21st day of May, 2020.