UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

WILLIE WILLIS,                          )
                                        )
      Plaintiff,                       )
                                        )
     vs.                                )          Case No. 1:18 CV 250 RWS
                                        )
CAPE GIRARDEAU COUNTY JAIL,              )
et al.,                                 )
                                        )
      Defendants.                      )

## MEMORANDUM AND ORDER

On May 21, 2020, the Court ordered plaintiff to provide complete written responses to discovery, under oath and without objection, and requested documents.  (Doc. 54).  Defendant has now moved to dismiss plaintiff's case because plaintiff did not sign his answers to interrogatories and comply with the verification requirement of Fed. R. Civ. P. 33(b)(3) and (5).  Plaintiff has apparently also failed to file written responses or provide any documents in response to the request for documents.  Plaintiff wrote to the Court stating that he responded to defendant's interrogatories and that he was not intentionally disregarding the Orders of the Court.  (Doc. 55).  The Court found plaintiff's assertions regarding compliance to be credible and therefore it does not believe that dismissal is appropriate at this time.  Instead, the Court will provide plaintiff an opportunity to cure the deficiencies in his discovery responses.  Within two (2)

days of the date of this Order, defendant shall serve an additional copy of its

discovery requests on plaintiff.  Plaintiff will have until June 25, 2020 to provide

amended answers to interrogatories which are signed and verified in compliance

with Fed. R. Civ. P. 33(b)(3) and (5).   He must also provide a written response to

the request for documents which states whether or not he possesses any documents

responsive to each request.  If plaintiff does have responsive documents, he must

either provide defendant with a copy of the documents at the same time he

provides his written responses or identify the documents so defendant can arrange

to inspect them.  Given the nature of plaintiff's allegations, plaintiff may not be in

possession of responsive documents.  If that is the case, then plaintiff must so state.

These written responses must also be signed and verified.  Given the numerous

extensions of time the Court has already provided to plaintiff to respond to

discovery, plaintiff's failure to comply with this Memorandum and Order in full

could result in the dismissal of his case upon further motion by defendant.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss case [56] is

denied, and defendant shall serve an additional copy of her discovery requests

upon plaintiff within two (2) days of the date of this Memorandum and Order, and

plaintiff is required to provide written responses, in writing, under oath, and

without objection, and any responsive documents to defendant's request for

production of documents by no later than **June 25, 2020**.   Plaintiff is also required to provide amended written responses, in writing, under oath, and without objection, to defendant's first interrogatories by no later than **June 25, 2020**. **Failure to comply with this Memorandum and Order in full may result in the dismissal of plaintiff's case with prejudice upon motion of defendant.**


_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 15th day of June, 2020.