UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| WILLIE WILLIS, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
|   vs. ) | Case No. 1:18 CV 250 RWS |
| ) | |
| CAPE GIRARDEAU COUNTY JAIL, ) | |
| et al., ) | |
| ) | |
|     Defendants. ) | |

## MEMORANDUM AND ORDER

Defendant again moves to dismiss plaintiff's case because plaintiff did not sign his answers to interrogatories and comply with the verification requirement of Fed. R. Civ. P. 33(b)(3) and (5), despite being granted an extension of time to do so and explicit instructions by the Court. (Doc. 58). Plaintiff has apparently also failed to provide any documents in response to the request for documents. The Court has twice denied this motion, the last time because defendant did not attach her discovery requests and plaintiff's responses. Defendant has now attached these documents in support of her current motion.

The Court has reviewed defendant's discovery requests and plaintiff's responses and, except for the fact that plaintiff did not sign and verify his interrogatory responses, it appears that plaintiff's responses are sufficient and do not support a dismissal of his case. Most of the discovery requests bear no

relationship to the facts of this case. They request information regarding plaintiff's allegations of "negligence" and ask him about employment and lost wages. This is not a negligence case. This is an Eighth Amendment case brought by a prisoner alleging that defendant was deliberately indifferent to his serious medical needs by refusing to give him prescribed medication while he was incarcerated. As plaintiff's prison nurse, defendant already has access to plaintiff's prison medical records, and she can request his grievance records from the prison if she so desires. As for his other medical records, defendant requested that plaintiff complete a medical release form and there is no allegation that he did not do so, so defendant has the means to obtain these records if she so desires, although the Court doubts their relevance to this case. Plaintiff's past employment records bear no relevance to his § 1983 Eighth Amendment deliberate indifference case. The Court will not dismiss plaintiff's case for failing to produce these documents. Although plaintiff should have signed and verified his interrogatory responses, his failure to do so is easily cured by filing a declaration with the Court which is signed and dated by plaintiff and states that his interrogatory responses are complete and accurate to the best of his knowledge. Above his signature, plaintiff's declaration should include the statement, "I declare under penalty of perjury that the foregoing is true and correct." If plaintiff fails to file this declaration, the Court will consider sanctions against plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss case [64] is denied.

**IT IS FURTHER ORDERED** that within 20 days of the date of this Order plaintiff shall file a declaration with the Court which is signed and dated by plaintiff and states that his interrogatory responses are complete and accurate to the best of his knowledge.  Above his signature, plaintiff's declaration should include the statement, "I declare under penalty of perjury that the foregoing is true and correct."

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 8th day of July, 2020.