UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| WILLIE WILLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:18 CV 250 RWS |
| | ) | |
| CAPE GIRARDEAU COUNTY JAIL, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's latest motion for appointment of counsel.  (Doc. 67).  In this motion, plaintiff requests a lawyer due to pain in his wrist and his medical lay-in restriction excusing him from janitorial duties.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the

ability of the pro se litigant to present his or her claim.  *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court continues to believe that appointment of counsel is not warranted at this time.  Plaintiff has demonstrated that he can adequately present his claims to the Court, and neither the factual nor the legal issues in this case appear to be unduly complex.  Plaintiff has not alleged that he is unable to write due to his wrist injury (the instant motion is handwritten), nor does plaintiff's medical lay-in restriction, which precludes him from janitorial duties, demonstrate that he is unable to represent himself in this case.  Plaintiff must comply with the provisions of the Memorandum and Order dated July 8, 2020.  (Doc. 66).  As a one-time accommodation to plaintiff, the Court will extend the deadline for complying with the July 8, 2020 Memorandum and Order from July 28, 2020 to August 10, 2020.  However, plaintiff must file the declaration as ordered by the July 8, 2020 Memorandum and Order, and continually filing motions for appointment of counsel does not excuse plaintiff from his obligation to comply with the July 8, 2020 Memorandum and Order.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel [67] is denied.

**IT IS FURTHER ORDERED** that plaintiff is granted an extension of time, up to and including **August 10, 2020**, to file his declaration in compliance with the Memorandum and Order dated July 8, 2020 [66].

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 15th day of July, 2020.